Name: Arthur Minas

Address: 3620 Pacific Coast Hwy, Suite 100

Torrance, CA 90505-6018

Phone: 310-955-1360

Fax: arthur@minaslaw.com

In Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SYEDA NARJIS FATIMA, | CASE NUMBER: |
|---|---|
| Plaintiff | _____ |
| | To be supplied by the Clerk of |
| v. | The United States District Court |
| MARCO RUBIO, SHANE MYERS, NATALIE A. BAKER, JOHN DOE, | **COMPLAINT** |
| Defendant(s). | |

## INTRODUCTION

COMES NOW SYEDA NARJIS FATIMA (hereinafter "Plaintiff FATIMA" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff is a Pakistani national who is currently employed as an Assistant Professor of Research in Radiation Oncology, with the Department of Radiation Oncology at the Keck School of Medicine of University of Southern California (USC). [EXHIBIT A]. Plaintiff returned to Pakistan on June 5, 2024, and applied for the renewal of her H-1B visa by submitting her Application with the U.S. Embassy in Islamabad, Pakistan, and requesting the issuance of the corresponding  H-1B visa stamp. Plaintiff was initially informed that she was eligible to apply for her visa renewal through the Interview Waiver Program, however, on June 25, 2024, Plaintiffs was informed that an in person interview would be required. This action is brought as a result of Defendants' failure to adjudicate Plaintiff's non-

1  immigrant visa Application (hereinafter "Application") within a reasonable period of time

2  [Case# AA00DFJJ0P].

3   2. Plaintiff currently has valid H-1B visa status, which will expire on August 31, 2026. On

4  July 30, 2024, the same day as the interview, Plaintiff was asked to submit supplemental

5  information, including her Form I-129 Petition; this request was responded to the same day

6   with Plaintiff submitting the requested information through the Islamabad Embassy's elec-

7  tronic document submission system. Despite properly submitting the Application, appearing

8  for an interview, and submitting the requested supplemental information following her

9  interview, Plaintiff FATIMA's visa Application has remained refused under administrative

10  processing for over seven months (232 days) without completion of processing or any

11  explanation beyond a generic statement that the case is in "administrative processing."

12  It is worth noting that the aforementioned visa type is often adjudicated in a matter of days

13  for the vast majority of H-1B applicants.

14  3. Plaintiff's absence from the United States has severely impacted her participation in

15  critical research funded by the National Institutes of Health ("NIH") and the American

16  Cancer Society, compromising both her position as a researcher and the research itself,

17  causing significant  detriment to public interest and the United States. Plaintiff's return to

18  the United States is critical to both her professional responsibilities as well as the University

19  of Southern California.

20  4. Without judicial intervention, Plaintiff will likely suffer devastating financial losses and a

21  significant setback in her career and future in the United States, without the full and final

22   adjudication of her H-1B Nonimmigrant visa Application. Furthermore, Plaintiff cannot

23  continue her research in this critical area unless she is physically present in the United

24  States.

25  5. Plaintiff has a clear right to adjudication of her Application within a timely manner. 22

26   CFR  § 41.121(a) and 22 CFR  § 41.106. The final adjudication of the Application is a

27  ministerial, nondiscretionary task that Defendants must perform within a reasonable period

28  of time. 5 U.S.C. §555(b).

6. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

7. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

PARTIES

8. Plaintiff SYEDA NARJIS FATIMA is a Pakistani national and currently being forced to reside in Pakistan while waiting for the final adjudication of her nonimmigrant visa Application. She is the applicant of a properly filed Nonimmigrant Visa Application, Form DS-160 (AA00DFJJ0P).

9. Defendant MARCO RUBIO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies and Consulates around the world. This action is filed against him in his official capacity.

10. Defendant SHANE MYERS is the Acting Principal Deputy Assistant Secretary, Bureau of Consular Affairs, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against him in his official capacity.

11. Defendant NATALIE A. BAKER is the Deputy Chief of Mission of the United States Embassy in Islamabad, Pakistan. She is the principal officer in charge of the Embassy. This action is filed against her in her official capacity.

12. Defendant JOHN DOE is a Consular Officer at the United States Embassy in Islamabad, Pakistan. This action is filed against him in his official capacity.

JURISDICTION AND VENUE

13. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, et seq., because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

14. Venue is proper in the District Court for the Central District of California pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiff's place of residence is located and it is the district to which Plaintiff will return upon the adjudication of her H-1B Nonimmigrant Visa Application and the issuance of the corresponding H-1B visa stamp.

### EXHAUSTION OF REMEDIES

15. The Plaintiff has repeatedly requested Defendants to make a final decision on her Application for over 40 weeks since submitting her Form D-160, Application. Futher- more, Plaintiff has initiated numerous inquiries with the U.S. Embassy in Islamabad, Pakistan, without any resolution.

16. Plaintiff has exhausted her administrative remedies. Plaintiff has supplied the U.S. Embassy in Islamabad, Pakistan, with documents that establish Plaintiff's eligibility to receive a nonimmigrant visa to travel to the U.S. and resume her H-1B status.

17. There are no further administrative remedies available for Plaintiff to utilize.

### FACTUAL ALLEGATIONS

18. Plaintiff's Form I-129, Petition for A Nonimmigrant Worker was approved on August 15, 2023, with a validity period dating from September 1, 2023, to August 31, 2026. (Receipt # IOE8348638988). [EXHIBIT A].

19. Plaintiff FATIMA returned to Pakistan on June 5, 2024, and during her stay in Pakistan she timely submitted her Form DS-160 Nonimmigrant Visa Application on June 12, 2024 (Case#AA00DFJJ0P). [EXHIBIT B].

20. Plaintiff FATIMA initially submitted her U.S. nonimmigrant visa Application under

the Interview Waiver Program, however, on June 25, 2024, Plaintiff FATIMA was informed by the U.S. Embassy in Islamabad, Pakistan, that she would be required to appear for an in person interview.

21. In connection with her Application, Plaintiff appeared for an interview at the U.S. Embassy in Islamabad, Pakistan, on July 30, 2024. [EXHIBIT C].

22. At the end of Plaintiff's interview, the interviewing officer, John Doe, informed her that her case was being "refused" due to administrative processing and that she needed to submit additional information to the U.S. Embassy—specifically, her complete Form I-129 Petition, and her curriculum vitae. Although Plaintiff had a hard copy of the requested petition, the officer refused to accept it and instead directed her to submit the the completed petition through the Embassy's electronic document submission system. Plaintiff promptly complied with this request, submitting the required information on the same day.

23. On July 31, 2024, the U.S. Embassy in Islamabad, Pakistan contacted Plaintiff FATIMA to request a copy of the pink slip Officer John Doe had issued at the conclusion of her interview. Plaintiff submitted the requested pink slip the same day.

24. Since July 31, 2024, the date Plaintiff submitted a complete response to Defendants' request for supplemental information, Defendants have taken no further action on Plaintiff FATIMA's Application and neither have they provided any meaningful updates in response to her numerous inquiries.

25. Plaintiff's inquiries have resulted in continuous responses from the U.S. Embassy in Islamabad, Pakistan, stating that the Plaintiff's Application is undergoing administrative processing and without any indication as to when the adjudicative process will be completed.

26. Plaintiff FATIMA's Application now continues to remain in administrative processing with the U.S. Embassy in Islamabad, Pakistan, for over 33 weeks (over seven months or 232 days) since the completion of her interview.

27. Plaintiff FATIMA applied for her visa well within the validity period of her current

petition, yet the Defendants' continued delay in adjudicating her application is causing significant harm to her professional responsibilities, the public interest, and the compltion of her NIH R21 and NSF grant submissions, which total over $1 million. Her absence has already caused significant delays in the process, posing a substantial risk of both professional and financial loss. These grants are crucial for advancing the Department of Radiation Oncology's research objectives, and Plaintiff's prompt return is vital to meeting submission deadlines and sustaining the momentum of these projects.

28. Furthermore, Plaintiff's family is enduring the difficulties of separation, with her spouse in California while their two minor children remain apart from their father. This prolonged separation has caused significant hardship for the children over the past several months.

29. Plaintiff's minor daughter, Aysel A. Abbasi, has faced significant setbacks in her ongoing orthodontic treatment due to Defendants' delay, missing critical follow-up appointments over the past nine months. Her treatment requires continuity and specialized oversight, making transfer to another provider unfeasible, and the disruption poses risks of long-term oral health complications.

30. Plaintiff's U.S. citizen minor son, Ali A. Abbasi, initially diagnosed with syndactyly, for which he had surgery on both hands, followed by occupational therapy, and temporary allergies during his infancy, has been suffering from pollution-induced asthma, which has worsened due to prolonged exposure to poor air quality, leading to multiple emergency medical visits. Both children have experienced severe academic setbacks, as they have been unable to attend school since August 2024 due to their displacement. Their ongoing separation from their father, who remains in California, has further exacerbated their emotional distress.

31. The prolonged visa delay has jeopardized both minors' health, education, and emotional well-being. Urgent legal intervention is necessary to mitigate their suffering and ensure a swift resolution that prioritizes their welfare and family unity.

32. The Department of State and the U.S. Embassy in Islamabad, Pakistan, refuse to allege an average processing time for non-immigrant visa applications. Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over 33 weeks (over seven months or 232 days) of processing time, especially when an interview has already been conducted and no requests for information are outstanding. It is worth noting that although there is no fixed period for administrative processing, according to the U.S. Embassy in Islamabad, Pakistan, most administrative processing cases are completed within 60 days. [EXHIBIT D].

33. As a result of Defendants' ongoing delay, Plaintiff's research and professional obligations are being severely impacted. Without judicial intervention, both Plaintiff and the Department of Radiation Oncology at the Keck School of Medicine of USC will face substantial financial losses and major setbacks in critical cancer research and healthcare advancements. The full adjudication of her H-1B visa application and the issuance of the corresponding visa stamp are essential to mitigating these consequences.

VIOLATION OF THE APA

34. All prior paragraphs are re-alleged as if fully stated herein.

35. Plaintiff has a statutory right to an adjudication of her non-immigrant visa Application. 8 U.S.C. § 1153(b).

36. Defendants have a duty to adjudicate Plaintiff's  Non-immigrant visa Application within a reasonable period of time under 5 U.S.C. §555(b), 22 CFR  § 41.121(a) and 22 CFR  § 41.106.

37. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

38. No other adequate remedy is available to Plaintiff.

39. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate her Application.

40. Given the Defendants' lack of a reason for not making a decision on Plaintiff

FATIMA's Application for over a total of 40 weeks since she properly submitted her Application and for over 33 weeks (over seven months or 232 days), since the date of her interview, Plaintiff's Application has been pending for an unreasonably long period period of time.

41. Defendants have failed in their statutory duty to adjudicate the Application within a reasonable period of time.

42. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or not otherwise in accordance with the law, and in violation of Plaintiff's rights. Defendants have willingly and unreasonably delayed and have refused to take action on  Plaintiff FATIMA's Application.

43. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff FATIMA's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff FATIMA's Nonimmigrant visa  Application.

2. In the alternative, that the Court compel Defendants, and those acting under them to perform their duty to adjudicate Plaintiff's Nonimmigrant visa Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

March 20, 2025                              Respectfully submitted,

                                              /s/ Arthur Minas

                             Arthur Minas, Local Counsel for Plaintiff

ADDENDUM

Before traveling to Pakistan, the Plaintiff resided in Alhambra, California. While she remains in Pakistan due to ongoing administrative processing of her application by the U.S. Embassy, her spouse continues to reside in Alhambra, California (Los Angeles County). As a result, he has been separated from his wife and minor children for an unreasonably long time. Furthermore, the Plaintiff's minor daughter's case is also ndergoing administrative processing (AA00DFJRET). It is also noteworthy that the Plaintiff has previously traveled to the United States twice under a different visa category (J-2), with all status changes made legally, within the validity period of her status, and in full compliance with U.S. immigration laws.

Plaintiff's U.S. citizen minor son is also facing significant health challenges. The cessation of post-surgical occupational therapy has led to a significant recurrence of webbing between Ali Abbasi's fingers, necessitating urgent reassessment. In collaboration with his physicians at Children's Hospital Los Angeles, Plaintiff is explore the possibility of corrective surgery. This issue has been further exacerbated by the absence of ongoing medical follow-up due to the delay in adjudicating Plaintiff's visa and allowing the family to return to the United States.